UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RESOURCE LENDERS, INC., a California Corporation,**<br><br>               **Plaintiff,**<br><br>          **v.**<br><br>**SOURCE SOLUTIONS, INC., a Nevada Corporation,**<br><br>               **Defendant.** | **1:05-CV-0999 OWW LJO**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**<br>**(Rule 12(b)(6), F.R.Civ.P.)** |

### I.  INTRODUCTION

Plaintiff Resource Lenders moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss counterclaims asserted by Defendant Source Solutions. Defendant opposes the motion.

### II.  PROCEDURAL HISTORY

This trademark infringement, unfair trade practices, and dilution action arises out of the complaint of Plaintiff, a real estate mortgage loan provider, that defendant SSI has infringed on Plaintiff's service marks, which are (1) "Resource Lenders" and (2) "Resource Lenders Your Resource For Real Estate Loans."

1

1  Defendant, a real estate sales and mortgage loan company,
2  currently uses the mark "R.E.*Source Redefining Real Estate,"
3  (where the * is a logo of a house) and argues that its mark does
4  not infringe on or dilute Plaintiff's mark.  Plaintiff argues
5  that SSI's use of the terms "RESource", "R.E.Source", and/or
6  "R.E.*Source" as the introductory word in its mark does infringe
7  and should be enjoined.
8       Plaintiff filed its complaint on August 3, 2005.  (Doc. 1,
9  Compl.)  Plaintiff brings six claims:  (1) Infringement of
10 Federally Registered Service Mark (15 U.S.C. § 1114(1)); (2)
11 Infringement of Service Mark; (3) Trade Name Infringement (Cal.
12 Bus. & Prof. Code § 14330); (4) Unfair Competition and False
13 Designation of Origin (15 U.S.C. § 1125(a)); (5) Unfair
14 Competition and Unfair Business Practices (Cal. Bus. & Prof. Code
15 § 17000, et seq., and § 17200); and (6) Dilution (15 U.S.C. §
16 1125(c); Cal. Bus. & Prof. Code § 14330).
17      Defendant answered the complaint on September 6, 2005.
18 (Doc. 18, Answer.)  Asserted with the answer are two
19 counterclaims, one for interference with prospective economic
20 advantage, the other for unfair competition under California
21 common law.  (Doc. 18, Answer at 6-7.)  Plaintiff filed a motion
22 to dismiss counterclaims on September 28.  (Doc. 31, Mot. to
23 Dismiss Countercls.)  Defendant filed its opposition to
24 Plaintiff's motion to dismiss on October 28.  (Doc. 49, Opp. to
25 Mot. to Dismiss Countercls.)  Plaintiff filed a reply to
26 Defendant's opposition on November 4.  (Doc. 51, Reply Mem.)
27      Plaintiff moved for a preliminary injunction on August 8,
28 2005.  (Doc. 5, Mot. for Prelim. Inj.)  That motion has been

granted in part.

### III.  BACKGROUND

Plaintiff RESOURCE LENDERS is a real estate mortgage and loan services provider headquartered in Fresno, California, with offices in Bakersfield, Visalia, Porterville, Hanford, and San Luis Obispo.  Plaintiff alleges it has engaged in extensive advertising and promotion of its real estate mortgage and loan services under the name "Resource Lenders" for the past fifteen (15) years including radio and newspaper advertising, circulating flyers and brochures, and advertising signs, including those posted on the scoreboard at Grizzlies Baseball Stadium in Fresno, California.  The parties do not dispute that Plaintiff owns two marks:  (1) "Resource Lenders" and (2) "Resource Lenders Your Source for Real Estate Loans."  Defendant opened its business in 2004.  Defendant represents buyers and sellers in real estate transactions and also provides real estate loans.  (Wren Decl. ¶¶ 2, 3)  Defendant asserts that the majority of its business is real estate transactions and not making loans.  (*Id*. at ¶ 4)  The mark currently in use by Defendant is "R.E.*Source Redefining Real Estate" (where the * is a logo of a house).  Defendant has also used the mark "RESource Real Estate Mortgage," although Defendant asserts it no longer uses this mark.

In or about January 2005, Plaintiff discovered that Defendant had adopted the business name and designation "RESource Real Estate Mortgage" and that Defendant was using these names to promote real estate mortgage and loans services in the Fresno area.  (Barnes Decl. ¶ 8)

Plaintiff sent a first demand letter to Defendant on January

**3**

28, 2005 to which Defendant failed to respond.  (Miller Decl. ¶ 2, Ex. A)  Plaintiff made a follow-up telephone call in March 2005, with no response.  Plaintiff sent a second letter with a draft unfiled complaint to Defendant on March 22, 2005.  Defendant responded to this letter, and several weeks of discussions and negotiations between the parties regarding Defendant's business name followed.  The discussions did not result in any agreement or resolution.  (Barnes Decl. ¶ 8)

In its opposition, Defendant asserts that settlement discussions broke down because Plaintiff refused to include a "notice and cure" provision in the proposed settlement agreement.  Defendant asserts that it began using the designation "R.E.*Source Redefining Real Estate" in response to Plaintiff's complaints and with the approval of Plaintiff's counsel.  (Doc. 17, Def.'s Opp. 2-3; Adams Decl. Ex. A)  Defendant denies continuing to use the mark "RESource Real Estate Mortgage," and asserts that current appearances of this mark are merely infrequent and mistaken uses that have not yet been addressed in its transitioning process.  (Doc. 17, Def.'s Opp. 2-3)  Defendant argues it has taken steps to implement its name change, including ordering new business cards, signs, and filing a new fictitious business statement with the City of Fresno.  (*Id.*; Doc. 17, T. Wren Decl., ¶ 5, Ex. A)  However, Plaintiff notes that the mark "RESource Real Estate Mortgage" has appeared in the October 2005 issue of *Guide to Better Homes*.  (Doc. 34, 09/30/05 Miller Decl. Ex. A)  This advertisement lists two real estate agents at the top of the page and lists seven mortgage consultants and/or mortgage consultant/real estate agents at the bottom of the page.

**4**

1  An almost identical advertisement appeared in the September 2005
2  issue of the *Guide*, which Plaintiff attached in its initial
3  moving papers.  (Doc. 23, 09/12/05 Miller Decl. Ex. F)  Defendant
4  states that it wants all of its agents to use its new mark, and
5  attributes the appearance of this advertisement in the October
6  2005 issue to "confusion among Defendant's over 250 employees and
7  contractors."

8       Despite Defendant's changing its name to "R.E.* Source
9  Redefining Real Estate," Plaintiff argues that Defendant's use of
10 the mark "RESource" is nevertheless an infringing use because the
11 term "RESource" is prominently displayed on the new mark, just as
12 it was on the old mark and is confusingly similar.

13      Plaintiff alleges that Defendant uses the infringing marks
14 in the following ways: (1) portable street signs (MacArthur
15 Decl., Ex. H); (2) Defendant maintains fictitious business name
16 statements for "RESOURCE" and "RE-SOURCE" (Miller Decl. ¶ 8, Ex.
17 E); (3) Defendant has a mortgage broker's license listing its
18 DBA's as "RESOURCE" and "RE-SOURCE" (*Id*. at ¶ 9, Ex. F); (4)
19 Defendant displays the mark on web-sites, including
20 http://www.resourcerecruit.com; http://www.resourcecorporate.com;
21 and http://www.resourceontheweb.com (*Id*. at Exs. H, I).

22      Defendant counterclaims that Plaintiff initially approved
23 Defendant's name change to "R.E.* Source Redefining Real Estate,"
24 and that Defendant, in reliance on this representation, had a new
25 logo designed, and had new business cards and letterhead printed
26 and new signs made.  Defendant argues that Plaintiff's suit to
27 force Defendant to change its name again constitutes interference
28 with prospective economic advantage and unfair competition.  For

**5**

both causes of action, Defendant claims damages for loss of revenue; for its unfair competition claim, Defendant also claims damages for lost goodwill and reputation.

### IV.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to attack a counterclaim for failure to state a claim upon which relief can be granted.  A motion to dismiss a counterclaim for failure to state a claim is evaluated in the same manner as a motion to dismiss a complaint under Rule 12(b)(6).  *Aagard v. Palomar Builders, Inc.*, 344 F.Supp.2d 1211, 1214 (E.D.Cal. 2004); *Whitney Information Network, Inc. v. Gagnon*, 353 F.Supp.2d 1208, 1210 (M.D.Fla. 2005); *Ramada Franchise Systems, Inc. v. Tresprop, Ltd.*, 75 F.Supp.2d 1205, 1208-09 (D.Kan. 1999).

A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party."  *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999).

### V.   ANALYSIS

1.   Interference with Prospective Economic Advantage

To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff

**6**

1 must plead and prove (1) an economic relationship between the
2 plaintiff and some third party, with the probability of future
3 economic benefit to the plaintiff; (2) the defendant's knowledge
4 of the relationship; (3) the defendant's intentional acts
5 designed to disrupt the relationship; (4) actual disruption of
6 the relationship; and (5) economic harm to the plaintiff
7 proximately caused by the defendant's acts.  *Reeves v. Hanlon*, 33
8 Cal.4th 1140,1152 n.6, 95 P.3d 513, 520, 17 Cal.Rptr.3d 289, 298
9 (2004).
10    Defendant has not pled in its counterclaim any facts to
11 establish the elements of interference with prospective economic
12 advantage.  Defendant does not plead either that it had an
13 economic relationship with a third party or Plaintiff's
14 interference with such relationship.  Nor does Defendant describe
15 what wrongful "measure or means" Plaintiff used to effect the
16 interference beyond the interference itself.  *Della Penna v.*
17 *Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392-93 (1995).
18 Defendant merely claims that Plaintiff's suit to force Defendant
19 to again change its name, after Plaintiff allegedly approved
20 Defendant's adoption of its present name and Defendant's reliance
21 on that approval, in making the initial change, is "interfering
22 with [Defendant's] business."  (Doc. 18, Answer at 6.)
23 Defendant's first counterclaim does not state a claim for
24 interference with prospective economic advantage.
25 2.   Unfair Competition
26    Defendant re-alleges Plaintiff's alleged approval of
27 Defendant's name change and Defendant's reliance on this
28 representation.  It claims that Plaintiff's suit constitutes

**7**

unfair competition under Sections 17200, *et seq.*, of the California Business and Professions Code.  Defendant claims damages for the lost goodwill, reputation, and revenue which Plaintiff's conduct has allegedly caused Defendant.

A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices.  It is not an all-purpose substitute for a tort or contract action.  Damages are not available under section 17203, except by way of restitution. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003).

Defendant's unfair competition counterclaim does not allege that Plaintiff has received money from Defendant's customers that should be returned to Plaintiff.  The type of damages claimed are not available under California's unfair competition law.

3. Estoppel

Defendant neither addresses nor mentions these deficiencies in its opposition to Plaintiff's motion to dismiss counterclaims. (Doc. 49, Opp. to Mot. to Dismiss.)  Instead, Defendant asks the court to grant it leave to amend its counterclaims to add an equitable estoppel counterclaim.  *Id.* at 2.

Estoppel is a defense, not a claim.  *See, e.g.*, Rule 8(c), F.R.Civ.P.; *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2nd Cir. 1999) ("[a]ffirmative defenses do not themselves support any affirmative relief"); 13 Witkin, Summary of California Law, *Equity* § 190 (10th ed. 2005), p. 527 ("[t]he doctrine [of equitable estoppel] acts defensively only").  As

such, it has already been pled in the answer.  Defendant's answer sets forth seven affirmative defenses.  Of these, the third and sixth plead estoppel, based on the same allegations of representation and reliance as are set forth in the counterclaims.  (Doc. 18, Answer at 3-4.)

Rule 15(a) allows a party to amend its pleading once as a matter of course at any time before a responsive pleading is served.  Rule 15(a), F.R.Civ.P.  Plaintiff's Rule 12(b) motion to dismiss is not a "responsive pleading."  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  Defendant is therefore entitled to amend its counterclaim.  *See* Rule 7(a), F.R.Civ.P.

Defendant's proposed amendment, however, does not address the counterclaims' defects.  *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984); *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005); 6 Wright, Miller & Kane, *Federal Practice & Procedure: Civil* § 1487 & n.26; 2 Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* §§ 9:260-63.

## VI.   CONCLUSION

Plaintiff's motion to dismiss Defendant's counterclaims is GRANTED.  Defendant shall have twenty (20) days from service of this order to amend counterclaims.

9

**SO ORDERED**

**DATED: December 22___, 2005.**

                              **/s/Oliver W. Wanger**
                              **OLIVER W. WANGER**
                              **United States District Judge**